Argued and submitted May 27, affirmed as modified and remanded for entry of a decree August 10, 1981

In the Matter of the Marriage of

WAGERS,
*Respondent,*
*and*
WAGERS,
*Appellant.*

(No. 117,815, CA 19747)

632 P2d 482

Don S. Dana, Salem, argued the cause for appellant. With him on the brief was Dwight P. Billman, P.C., Salem.

John Sassor, Dallas, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from the financial provisions of the decree of dissolution of marriage, contending that husband received between 62.4% and 70% of the marital assets. Wife asserts that she, rather than husband, should have had the long half of the assets in view of her substantially lesser earning power. Further, wife asserts that the court erred in finding that both parties had requested that the home be sold and in refusing to award attorney fees to wife.

This was a marriage of ten years' duration to which one child, a girl aged seven years, was born. Wife is 34 years of age with two teen-age sons by a prior marriage. Husband, who is 43 years of age, also has two sons by a previous marriage. Custody or child support are not issues in this appeal. Husband is employed as a firefighter by the City of Salem. His present take-home pay is $923 per month. In addition, he is a skilled auto mechanic and operates an antique car and used auto parts business out of his home. Wife is employed as a receptionist with take-home pay of approximately $500 a month.

The principal marital asset is the family home purchased about five years ago. It was stipulated that its fair market value is $75,000, with approximately $22,700 owing on it. Wife provided $6,200, the bulk of the down payment. The decree provides that the home be sold, with wife to receive back her $6,200 and the net balance (after repairs and expenses of sale) to be thereafter divided equally. Husband received a savings certificate valued at $1,900, all of the vehicles and auto parts except a 1971 Mercury and a 1965 Ford Mustang, certain other personalty and his retirement benefits with the city valued at $6,000.

Husband counters wife's argument of unequal distribution of assets by pointing to the limited duration of the marriage and wife's disproportionate share of the personalty.

Based upon our study of the division of the marital assets made by the trial judge, we conclude that the trial judge's division of the assets is in need of adjustment, considering the earning capacities of the parties and the nature and extent of the marital assets.

While we agree with the trial judge that the direction to sell the home was appropriate in this case, notwithstanding that wife did not join in such request, we believe that the decree should be modified by allowing wife a judgment of $3,000 against husband in order to make the property distribution more just and equitable.

Affirmed as modified and remanded for entry of a decree. Costs to appellant.